Opinion filed December 22, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00057-CV

_____

## C. BORUNDA HOLDINGS, INC., Appellant

## V.

## LAKE PROCTOR IRRIGATION AUTHORITY OF COMANCHE COUNTY, TEXAS, Appellee

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CV00614**

## M E M O R A N D U M   O P I N I O N

Lake Proctor Irrigation Authority sued C. Borunda Holdings, Inc. for nonpayment under various water supply agreements. Borunda filed a counterclaim and alleged that LPIA had breached those agreements. Borunda has filed this appeal from the trial court's order by which it granted LPIA's motion for summary judgment. Borunda asks us to hold that the trial court erred when it granted LPIA's plea to the jurisdiction and held that it did not have subject-matter jurisdiction over Borunda's counterclaim for breach of contract. We affirm.

LPIA initiated this action when it sued Borunda to recover $111,481.41 that LPIA claimed Borunda owed it for water furnished to Borunda in 2012 and 2013 under fourteen separate water supply agreements that LPIA and Borunda had entered. Borunda answered and also filed a counterclaim for breach of contract. Later, Borunda amended its counterclaim and alleged that LPIA breached a 2011 water supply agreement in addition to the 2012 and 2013 agreements. LPIA allegedly failed to make reasonable efforts to provide Borunda water on a comparable basis to other customers.

Shortly after LPIA filed the lawsuit, it filed a lis pendens that covered Borunda's real property to which LPIA supplied water under the agreements. On March 7, 2014, in order to complete a sale of that real property, Borunda paid LPIA $118,045.52, and on March 12, 2014, Scott Allen, the attorney for LPIA, released the lis pendens. The record before us reveals that LPIA never obtained a judgment against Borunda and that, on November 13, 2014, LPIA filed a notice of nonsuit and withdrew its claims for affirmative relief.

LPIA filed a plea to the jurisdiction and a motion for summary judgment. When it ruled on the plea to the jurisdiction, the trial court found that it had "subject matter jurisdiction of [Borunda's] breach of contract counterclaim only to the extent the claim is connected to and defensive to" LPIA's claims established in the 2012 and 2013 agreements. The trial court also found that its subject-matter jurisdiction existed only to the extent that Borunda attempted to recover monetary damages as an offset to breach-of-contract damages sought by LPIA and that it did not have jurisdiction over any causes of action that existed prior to 2012 (LPIA did not seek any recovery for 2011). As far as LPIA's motion for summary judgment was concerned, the trial court granted the motion and found that, at the time of the summary judgment, LPIA had nonsuited all of its affirmative claims against Borunda and that Borunda was not, therefore, entitled to recover on its counterclaim.

2

The trial court erred in neither instance.

Sovereign immunity is a common law doctrine that protects the State from lawsuits for money damages. *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Governmental immunity, although often referred to as sovereign immunity, is a term applied to the immunity enjoyed by political subdivisions of the State, such as counties, cities, school districts, and other subdivisions. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

The general principles applicable to sovereign immunity and governmental immunity have been fully articulated by the writers of an abundance of opinions on the subject. Except for those principles that are specifically at issue in this case, we see no reason to repeat those principles here but will simply refer to, and abide by, those set forth in opinions such as *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374–75 (Tex. 2006).

Governmental immunity can be waived. Generally, a waiver of governmental immunity or consent to sue lies in legislative action. *City of Dallas v. Albert*, 354 S.W.3d 368, 374 (Tex. 2011). The judiciary, however, determines the boundaries or contours of that waiver. *Id.* For instance, claims that would, in whole or in part, offset a recovery by LPIA and "that were germane to, connected with, and properly defensive to" claims made by LPIA are not barred by governmental immunity. *Id.* But claims in excess of the amount that would offset LPIA's claim, even if they are germane to, connected with, and properly defensive to LPIA's claim, are barred by governmental immunity. *Id.* Likewise, governmental immunity bars claims that are not germane to, connected with, or properly defensive to LPIA's claim. *Id.*

When LPIA sought affirmative relief in damages in its lawsuit against Borunda, it waived its governmental immunity from suit as to "claims that would offset, in whole or in part, any recovery by [LPIA] and that were germane to,

3

connected with, and properly defensive to [LPIA's] claims." *See id.* Because LPIA never had immunity as to those claims, it did not resurrect immunity when it took a nonsuit of its affirmative claims. *See id.* at 374–75. When LPIA filed its lawsuit and sought affirmative relief by way of damages, the trial court acquired jurisdiction over LPIA's claim as well as certain offsetting, defensive claims that Borunda asserted against it. This is so because the judiciary has abrogated immunity for entities that file affirmative litigation claims to the extent that opposing claims are offsetting and are germane to, connected with, and properly defensive to the entities' claim. *Id.* at 375. That is why, and the extent to which, the trial court acquired subject matter jurisdiction in this case, not because LPIA brought about a change in its immunity when it filed its affirmative claims against Borunda. *See Reata*, 197 S.W.3d at 377. By the same token, as we have said, LPIA did not resurrect immunity when it nonsuited its claim. *See Albert*, 354 S.W.3d at 374–75.

Without immunity, LPIA participates as would any regular litigant. *See id.* at 375–76. As an ordinary litigant, under the facts of this case, LPIA was entitled to nonsuit its claims for affirmative relief. *See* TEX. R. CIV. P. 162; *Albert*, 354 S.W.3d at 375. After LPIA nonsuited it claims, there was nothing against which Borunda could offset its counterclaim. *See id.* at 376. In *Sharyland*, the court wrote: "With [the City of Alton's] counterclaim gone, there were no longer any claims to offset, and Sharyland could not recover a judgment for damages against Alton." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011). Here, with LPIA's claims to affirmative relief gone, there was nothing against which Borunda could apply an offset, and Borunda could not recover a judgment from LPIA. The trial court's findings and orders on LPIA's plea to the jurisdiction and motion for summary judgment are appropriate applications of the law under this record. We have liberally construed Borunda's sole issue on appeal, and we overrule it.

4

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


December 22, 2016

Panel consists of: Wright, C.J.,
Bailey, J., and Countiss.[1]

Willson, J., not participating.

---

[1]Richard N. Countiss, Retired Justice, Court of Appeals, 7th District of Texas at Amarillo, sitting by assignment.